FRANCISCO A. BESOSA, UNITED STATES DISTRICT JUDGE
Defendant Oleg Factor ("Factor") moves the Court to compel specific performance of a proposed forfeiture payment agreement. (Docket No. 1651.) For the reasons set forth below, Factor's motion to compel is DENIED .
I. Background
On December 2, 2012, a federal grand jury charged Factor and seventeen other individuals with prescription drug diversion in violation of, among other offenses, 18 U.S.C. § 1314 ("section 1341"). (Docket No. 3.) After entering into a plea agreement with the United States, Factor pled guilty to count fourteen of the indictment. (Docket Nos. 592 and 594.)
Factor's plea agreement contained a forfeiture provision. (Docket No. 592 at p. 5.) Factor agreed to surrender, forfeit, and "relinquish all rights, title and interest [he] may have in the sum of $300,000 in satisfaction of the money judgment to be issued at sentencing." Id. at 5. Subsequently, the United States moved for an in personam order of forfeiture. (Docket No. 747.) The United States emphasized that failure to satisfy the in personam judgment could result in an "Order to forfeit specific property." (Docket No. 747 at p. 2) (citing United States v. Hall, 434 F.3d 42, 59 (1st Cir. 2006) ("[C]riminal forfeiture may take several forms including an in personam judgment against the defendant for the amount of money the defendant obtained as proceeds of the offense.") (citation and internal quotation marks omitted) ). On August 31, 2015, the Court ordered Factor to forfeit $300,000, reiterating that the United States may, at any time, move to "amend this money judgment to substitute property having a value not to exceed $300,000." (Docket No. 921 at p. 2.)
Factor received a sentence of twenty-one months imprisonment. (Docket Nos. 1171 and 1175.) The judgment issued against Factor provided that "[u]nless the court has expressly ordered otherwise, if *276 this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment." (Docket No. 1175 at p. 5); see Hall, 434 F.3d at 59 (holding that criminal forfeiture is a "sanction against the individual defendant").
Nearly three years after the Court ordered Factor to forfeit $300,000, the United States moved to "substitute assets in satisfaction of the money judgment." (Docket No. 1539 at p. 1.) According to Deputy United States Marshal Carlos Fuentes ("Fuentes"), Factor "failed to make payments towards the forfeiture in this case." (Docket No. 1539, Ex. 1 at p. 2.) Fuentes asserts that "[d]espite due diligence, the United States has been unable to locate the $300,000.00 in gross proceeds that Factor received as a result of the fraud." Id. at p. 3.
The United States requested an in rem judgment against Factor's property in Los Angeles, California. (Docket No. 1539 at pp. 1-2.) Factor opposed the United States' motion, contending that "the Government expressed an interest in entering into a payment plan with Mr. Factor, [but] the Government did not respond to Mr. Factor's latest offer of a monthly figure." (Docket No. 1548 at p. 3.) The United States replied, asserting that it rejected the proposed payment plan. (Docket No. 1549.) Defense counsel informed the United States that "[m]eanwhile, [Factor] will be looking into the process of borrowing money against his house." (Docket No. 1549 at p. 1.)[1] The Court ordered the forfeiture of Factor's Los Angeles property as a substitute asset pursuant to Federal Rule of Criminal Procedure 32.2 (" Rule 32.2") and 21 U.S.C. § 853(p) (" section 853(p)"). (Docket No. 1596.)[2]
II. Discussion
Factor moves to compel specific performance of a proposed settlement agreement. (Docket No. 1651.) According to Factor, the parties agreed that he would pay $1,250.00 a month for twenty years in satisfaction of the $300,000 forfeiture. Id. at p 2. Indeed, the parties engaged in negotiations regarding a monthly payment plan. (Docket No. 1651, Ex. 1.) In an e-mail to defense counsel on March 15, 2018, the United States nonetheless clarified that the negotiations "for a payment plan [do] not represent a waiver of the Government's right to forfeit the property as provided by law." Id. at p. 4.
The United States drafted and signed a proposed settlement agreement memorializing the terms of the payment plan, specifying that Factor's "signature is required." (Docket No. 1651, Ex. 1 at p. 2.) On June 11, 2018, the United States submitted the proposed settlement agreement for Factor's *277 review and signature. (Docket No. 1651, Ex. 2.) Less than hour later, the United States informed Factor that the Money Laundering Asset Recovery Section of the Department of Justice disapproved any settlement agreement, and required the United States to "pull back the settlement document forthwith." (Docket No. 1651, Ex. 1 at p. 1.) The United States repeated its intention to seek an in rem judgment, suggesting that Factor "take the loan guaranteed by the property and pay the United States [because], the equity on the property is higher than the money judgment owed." Id.
Factor moves to enforce the proposed settlement agreement pursuant to California law, setting forth a breach of contract action against the United States. (Docket No. 1651 at pp. 2-9.) According to Factor, the Court "must order the Government to abide by the contract it had entered into with Mr. Factor, namely $1,250 per month for 20 years." Id. at p 9. The Court disagrees.
Federal Rule of Criminal Procedure 32.2 governs criminal forfeiture proceedings. Fed. R. Crim. P. 32.2. Rule 32.2 provides that:
On the government's motion , the court may at any time enter an order of forfeiture or amend an existing order of forfeiture to include property that ... is a substitute property that qualifies for forfeiture under an applicable statute.
Fed. R. Crim. P. 32.2(e)(1) (emphasis added); see United States v. Candelaria-Silva, 166 F.3d 19, 42 (1st Cir. 1999) (holding that the "forfeiture of substitute assets is a matter left solely to the court").
The First Circuit Court of Appeal's decision in United States v. Misla-Aldarondo demonstrates that the United States may seek forfeiture of substitute assets at its discretion. 478 F.3d 52 (1st Cir. 2007). In Misla-Aldarondo, the United States first conveyed "an intention to go after only cash, rather than the real property that had been in the Bill of Particulars, [and] that it did not intend to seek forfeiture of any substitute assets." Id. at 73. The trial court issued a forfeiture order of $147,400. Id. The defendant challenged the forfeiture order, arguing that "any attempt by the government to seize cash is equivalent to seizing substitute assets, because the original proceeds of the offense are no longer available." Id. The First Circuit Court of Appeals upheld the forfeiture order, providing for the possible substitution of assets. Id. at 74. "[A] money judgment can be used in the future to seek forfeiture of substitute assets by court order under § 853(p) and Rule 32.2., even where the government has not expressed an intent to do so at any time before it seeks such as order." Id. at 75. Accordingly, Factor's failure to pay the $300,000 forfeiture affords the United States the discretion to seek substitute assets.
Factor presents no statute or precedent granting the Court the authority to compel the United States to move for an amended forfeiture order. (Docket No. 1651.) Unless otherwise stipulated by Congress, the Rules of Criminal Procedure bind the Court. An amendment to the forfeiture order pursuant to state law, whether it be California or Puerto Rico, is beyond the scope of the Court's jurisdiction. Rule 32.2 does not set forth a breach of contract cause of action against the United States. Rather, Rule 32.2 provides that the Court may amend a forfeiture order "on the government's motion," not sua sponte or on the defendant's motion. Fed. R. Crim. P. 32.2(e). Accordingly, the Court need not address whether a binding contract existed between Factor and the United States. The Court notes, however, that the United States reserved the "right to forfeit the property as provided by law" during its *278 negotiations with Factor. (Docket No. 1651, Ex. 1 at p. 4.) Moreover, enforcement of a proposed forfeiture agreement absent the defendant's signature is suspect. Factor provides no reason for the Court to disturb its order authorizing forfeiture of Factor's Los Angeles property. (Docket No. 1596.)
The Court encourages the United States to obtain authorization from the Money Laundering Asset Recovery Section before tendering proposed settlement agreements to defendants. See Asset Forfeiture Policy Manual, Department of Justice (2016), Chap. 3, Sec I.B.7 ("Settlements shall not provide for partial payments, except upon the advice and approval of the [the Money Laundering Asset Recovery Section]").[3]
Factor's plea agreement placed him on notice that conviction subjected him to a $300,000 forfeiture. (Docket No. 592 at p. 5.) After failing to locate the $300,000, the United States moved to substitute the in personam judgment with a judgment against Factor's property. Substitution of forfeiture is proper. See 21 U.S.C. § 853(p) ; United States v. Katz, 2010 WL 4627872, *1, 2010 U.S. App. LEXIS 27420, *2 (1st Cir. Nov. 15, 2010) (upholding forfeiture order because the defendant "cites no authority for the proposition that 'excessiveness' is established by the fact that paying back the proceeds of a crime may impose a serious financial burden on a defendant"). Accordingly, the Court DENIES Factor's motion to compel specific performance of the proposed settlement agreement.
III. Conclusion
For the reasons sets forth above, Factor's motion to compel specific performance of the proposed settlement agreement is DENIED. (Docket No. 1651.)
IT IS SO ORDERED .

The United States also requested that the Court order the "County of Los Angeles to record a lis pendens upon" Factor's property. (Docket No. 1550 at p. 2.) The Court ordered the Recorder of the County of Los Angeles to advise the public that Factor's property is subject to criminal forfeiture proceedings. (Docket No. 1602.)

18 U.S.C. § 853(p) provides for the forfeiture of substitute property for any forfeited asset that:
(A) cannot be located upon the exercise of due diligence;
(B) has been transferred or sold to, or deposited with, a third party;
(C) has been placed beyond the jurisdiction of the court; has been substantially diminished in value; or
(D) has been commingled with other property, which cannot be divided without difficulty.
18 U.S.C. § 853(p); see Untied States v. 939 Salem St., 917 F.Supp.2d 151, 159 (D. Mass. 2013) ("In a criminal forfeiture case, where a defendant's forfeitable assets are unavailable or untraceable at the time of conviction, the government may seek forfeiture of other property as a substitute asset.").

Available at https://www.justice.gov/criminal-mlars/publications (last visited July 31, 2018).